IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDDIE JAMES POLLNITZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | **Civil Action No.:** |
| | * | |
| **LARRY LEE WILLIAMS; BIG LEVEL TRUCKING INCORPORATED,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## NOTICE OF REMOVAL

COME NOW Larry Lee Williams and Big Level Trucking Inc.[1] (Hereinafter "Defendants"), and file this Notice of Removal of this matter from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendants show unto the Court as follows:

### BRIEF STATEMENT OF FACTS

1.     On January 21, 2022, Plaintiff Eddie James Pollnitz filed a Complaint in the Circuit Court of Jefferson County, Alabama, styled <u>Eddie James Pollnitz v. Larry Lee Williams, et al</u>, and bearing Civil Action Number CV-2022-900207. A copy of all filings in the state court action is attached collectively hereto as "Exhibit A."

---

[1] Big Level Trucking Inc. is improperly named in Plaintiff's Complaint as "Big Level Trucking Incorporated."

1

2. Upon information and belief, Plaintiff, Eddie James Pollnitz, at the time of commencement of this action, and since that time, was and is a citizen and resident of the State of Alabama. (Pl. Compl. at ¶1)

2. The Complaint names Larry Lee Williams and Big Level Trucking Inc. as party defendants. (Pl. Compl. ¶¶ 2 – 3) The style of the Complaint also names fictitious parties or entities that Plaintiff claims are or may be liable to him for his claimed injuries.

3. Defendant Larry Lee Williams is a resident and citizen of the State of Tennessee, residing at 4297 Elmridge Street, Memphis, TN 38118. (Service Return, "Ex. A" at P. 65)

4. Defendant Big Level Trucking Inc. is a corporation formed under the laws of the State of Mississippi. (Articles of Incorporation, attached hereto as "Exhibit B") Its principal place of business is also in Mississippi. (2021 Corporate Annual Report, attached hereto as "Exhibit C")

7. Plaintiff claims injuries and damages arising out of an October 12, 2021 motor vehicle accident in Birmingham, Alabama. (Pl. Compl. ¶ 4) The Complaint includes allegations of negligence; negligent/wanton entrustment; negligent/wanton maintenance, operation, service and/or repair; *respondeat superior*; and negligent supervision, hiring, and maintenance. (Pl. Compl. ¶¶ 9 – 20) Plaintiff's Complaint lists the following injuries and damages that he allegedly suffered:

> A. Plaintiff EDDIE JAMES POLLNITZ suffered back trauma, numerous and permanent injuries in and about his body and/or mouth;
>
> B. Plaintiff EDDIE JAMES POLLNITZ incurred and will incur future sums of the money in the nature of doctor, hospital, prescription drugs, and other expenses for treatment of his injuries;
>
> C. Plaintiff EDDIE JAMES POLLNITZ suffered and will suffer in the future physical pain and mental anguish as a result of his injuries;

      D.      Plaintiff EDDIE JAMES POLLNITZ was caused the total loss of his property, loss wages, and/or use of his 2007 Toyota Avalon XL vehicle;

      E.      Plaintiff EDDIE JAMES POLLNITZ was caused to undergo surgeries, therapy, and medical treatment as a direct and proximate result of the Defendant WILLIAMS' negligence while operating the truck within the line and scope of his employment with BIG LEVEL TRUCKING, INC.

(Pl. Compl. at ¶ 5)

7.      The Complaint does not seek a sum certain, but it prays for "judgment against the defendants jointly and severally … compensatory and punitive damages in an amount to be assessed by the trier of fact." (Pl. Compl. *ad damnum* clause)

8.      Service was perfected on Big Level Trucking Inc. on January 27, 2022. (Service Return, "Ex. A" at P. 69) Plaintiff served Larry Lee Williams on January 28, 2022. (Service Return, "Ex. A" at P. 65)

9.      Defendants have provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of Jefferson County, Alabama in accordance with 28 U.S.C. § 1446(d).

10.      This Notice is being filed with this Court within thirty (30) days after the removing defendants received a copy of Plaintiff's Complaint.

## ARGUMENT

### I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different states. Plaintiff is a resident citizen of Alabama, while Defendants are resident citizens of Tennessee and Mississippi.

Although Ala. R. Civ. P. 9(h) allows a plaintiff ignorant of the true name of an opposing party to designate that party by a fictitious name, 28 U.S.C. § 1441(a) forbids considering the citizenship of fictitious parties in determining the existence of diversity. It states in pertinent part: "[f]or purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded."[2] Therefore, only the citizenship of the named parties are to be considered in determining diversity of citizenship.

Plaintiff may cite to Brown v. TranSouth Fin. Corp., 897 F. Supp. 1398 (M.D. Ala. 1995) for the proposition that, where a plaintiff alleges a cause of action against a fictitious defendant, giving a definite clue as to the identity of that fictitious defendant by specifically referring to an individual acting as a company's agent, the court should consider the citizenship of that fictitious defendant in determining diversity jurisdiction. However, Brown, as well as other oft-cited cases such as Marshall v. CSX Transp. Co., 916 F. Supp. 1150 (M.D. Ala. 1995) (De Ment, J.), Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462, 464 (E.D. La. 1994), Green v. Mutual of Omaha, 550 F. Supp. 815, 818 (M.D. Cal. 1982) and Wright v. Sterling Investors Life Ins. Co., 747 F. Supp. 653, 655 (N.D. Ala. 1990) are inapplicable to the case at bar, insofar as same either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment (Marshall, Brown, Wright), or predate the 1988 amendment to the Judicial Improvements and Access to Justice Act (Green), or incorrectly rely on pre-1988 law (Tompkins). *See* Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317-1318 (M.D. Ala. 2004).

---

[2] "This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity." Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

Here, the named parties are an individual residing in Tennessee and a corporation formed and headquartered[3] in Mississippi. Accordingly, the parties are presently completely diverse, thereby fulfilling the requirement of 28 U.S.C. § 1332. If and when Plaintiff seeks to amend his Complaint to name the true identity of the fictitious party(ies), the question of whether he should be allowed to do so would be ripe for determination; for now, diversity of citizenship exists.

## II.  THE AMOUNT IN CONTROVERSY MORE LIKELY THAN NOT EXCEEDS THE $75,000.00 JURISDICTIONAL THRESHOLD.

Plaintiff does not demand a specific amount in his Complaint. (*See* Pl. Compl. generally) Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). Section 1446(c)(2)(B) only requires evidence establishing the amount in controversy when the plaintiff contests, or the court questions, the defendant's allegation. Id.

Defendants do not anticipate that Plaintiff will dispute that the amount in controversy exceeds this Court's jurisdictional threshold. However, if he does, Defendants recognize that they have the burden of proving by a "preponderance of the evidence" that the amount in controversy is more likely than not more than $75,000.00. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069

---

[3] For purposes of diversity jurisdiction – and hence removal – a corporation is a citizen of the state where its "nerve center" is located. Hertz Corp. v. Friend, 559 U.S. 77 (2010). A corporations' "nerve center" is where its leading officers direct, control, and coordinate its activities. Id. The entirety of Big Level Trucking Inc.'s leadership and operations are centered in Wiggins, Mississippi. ("Ex. B"; "Ex. C")

(11th Cir. 2000); *see also* Flowers v. Priority Healthcare Pharm., Inc., 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the Tapscott standard); Sierminski v. Transouth Fin. Corp., 216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy).

Of course, predicting a jury verdict is an inexact science.  Indeed, "it is the peculiar function of the jury to determine the amount by their verdict." Barry v. Edmunds, 116 U.S. 550, 565 (1886). Instead, the best predictor for a potential jury verdict, and thus, the amount in controversy, is a compilation of previous verdicts rendered in other, similar cases. Courts have recognized that defendants may properly discharge their burden of proof by offering such examples. *See, e.g.*, Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) (finding that defendant proved the amount in controversy exceeded $75,000 by providing Alabama state court verdicts above that amount from similar actions); *see also* Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001); *see also* Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003).

Alabama juries have frequently rendered verdicts which substantially exceed this Court's jurisdictional threshold in cases involving claims similar to those raised by Plaintiff:

| **VERDICT** | **STYLE** | **CV NO.** | **VENUE** | **FACTS** |
|---|---|---|---|---|
| $3,000,000.00 | Marshall v. R.W. Delaney Construction Co. et al | CV-15-900103 | Conecuh County | Plaintiff claimed a tractor-trailer hauling an oversized load pulled into his path from a side road and caused him to sideswipe the rig, thus leading Plaintiff's vehicle to flip over. Plaintiff's retail medical expenses totaled $71,399.00. |
| $1,000,000.00 | Simoneau v. United Parcel Service, Inc. | CV-2012-901209 | Mobile County | Plaintiff claimed that a UPS truck driver turned left in front of him, causing him to collide with the side of the UPS truck. Plaintiff's medical providers claimed subrogation in the amount of $23,295.40. |

| $870,000.00 | Ricks v. Transport Distribution Company | CV-09-900098 | Colbert County | Plaintiff claimed Defendant's tractor-trailer rear-ended the Alabama Department of Transportation vehicle he was operating to alert motorists of a work crew. Plaintiff's medical and worker's comp providers claimed subrogation in the amount of $28,633.00. |

These similar cases show that the amount in controversy here is more likely than not in excess of the jurisdictional threshold of $75,000.00.

### III.    DEFENDANTS HAVE MET THE NOTICE REQUIREMENTS FOR REMOVAL.

Concurrently with the filing of this Notice of Removal, Defendants shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request this Honorable Court take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

_____
J. Bernard Brannan, III (asb-6262-s64b)
Ralph D. Gaines, III (asb-6605-n69r)
*Attorneys for Defendants Larry Lee Williams and Big Level Trucking Inc.*

**OF COUNSEL:**
Gaines Gault Hendrix P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
Phone: (205) 402-4803
Fax:    (205) 980-1098
bbrannan@ggh-law.com
rgaines@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2022, a copy of the foregoing was served electronically and/or by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed, as follows:

Antonio D. Spurling
SPURLING LAW FIRM, LLC
406 19th Street, Suite 100
Birmingham, AL 35218

Ronnie O. Rice
LAW OFFICE OF RONNIE RICE
115 Richard Arrington Jr. Blvd. N.
Birmingham, AL 35203

_____
OF COUNSEL